IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KELSEY JENNINGS, # 111297**                                                                                           **PLAINTIFF**

**VERSUS**                                                                                **CAUSE NO. 5:13cv139-DCB-MTP**

**MTC**                                                                                                                       **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Kelsey Jennings initiated this action on September 6, 2013. He is incarcerated with the Mississippi Department of Corrections.

That same day the Court sent Plaintiff notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form for voluntary dismissal. The Court ordered him to sign and file either the Acknowledgment or the voluntary dismissal. By separate Order [4] the Court directed Plaintiff to either pay the filing and administrative fees or amend his application to proceed *in forma pauperis*, "specifically, the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." (Dkt. 4 at 1). The responses were due by October 7, 2013. Having received no response, on November 4, the Court entered the Order to Show Cause [5], ordering Plaintiff to show cause by November 18, why the case should not be dismissed for failure to prosecute or to obey Orders of the Court.

All three Orders [3, 4, 5] were sent to Plaintiff's address of record, and they were not returned as undeliverable. To date he has not responded nor otherwise contacted the Court. The

Court has warned Plaintiff that failure to comply "will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed." (Dkt. 3 at 2). *See also* (Dkt. 4 at 1-2); (Dkt. 5 at 1-2). It is apparent from his failure to respond or otherwise communicate with the Court that Plaintiff lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of December, 2013.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE